UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| MARCUS A. COOPER,<br><br>*Petitioner*,<br><br>v.<br><br>LORIE DAVIS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,<br><br>*Respondent*. | § § § § § § § § § § § § Civil Action No. SA-16-CA-01052-XR |

**ORDER**

Before the Court is the Magistrate Judge's Memorandum and Recommendation (docket no. 33) recommending that Petitioner Marcus A. Cooper's ("Cooper")'s petition for writ of habeas corpus be denied, and Petitioner's objections thereto (docket no. 40). After careful consideration, the Court will accept the recommendation and deny Petitioner's petition for writ of habeas corpus.

**Background**

Marcus A. Cooper, an inmate in the custody of the Texas Department of Criminal Justice-Correctional Institutions Division ("TDCJ-CID"), has filed an application for writ of habeas corpus, pursuant to 28 U.S.C § 2254, challenging his state court conviction for aggravated sexual assault. (Docket nos. 1, 11, 12, 30).

Cooper was found guilty of aggravated sexual assault by a jury in the 187th Judicial District Court of Bexar County, Texas, cause no. 2014CR10168. On April 1, 2015, he was sentenced to serve 20 years in the TDCJ-CID. His conviction was affirmed by the Texas Fourth Court of

1

Appeals on November 4, 2015, cause no. 04-15-00216-CR. Cooper did not file a petition for discretionary review.

On February 16, 2016, Cooper filed a state habeas application under Article 11.07 of the Texas Code of Criminal Procedure. (Docket no. 27-35). He claimed: (1) he was denied his right to a speedy trial, (2) there was no proof of the use of deadly weapon to support the aggravated sexual assault charge, (3) there was a mistake of fact because multiple DNA samples were found, (4) the trial judge committed misconduct in his rulings, and (5) the prosecutor and judge fabricated physical evidence. The Texas Court of Criminal Appeals denied the application on May 25, 2016 without written order, cause no. WR-82, 398-03. (Docket no. 27-29).

Cooper filed a subsequent habeas application on June 9, 2016. (Docket no. 27-38). He claimed: (1) he received ineffective assistance at trial when his attorney refused to object to a photo of the knife or blood in the garage, (2) he received ineffective assistance on appeal when his attorney failed to file a motion for new trial, failed to obtain trial transcripts, and failed to raise points of error on appeal other than the issue of the denial of a speedy trial, and (3) he was denied a speedy trial. Cooper's second habeas petition was dismissed on July 27, 2016 as a subsequent application, cause no. WR-82, 398-04. (Docket no. 27-36).

In his petition for writ of habeas corpus, Cooper argues that (1) he was denied his right to a speedy trial, (2) he was denied effective assistance of trial counsel because his trial attorney failed to object to a picture of a knife and did not request that the physical knife be admitted into evidence; and (3) he was denied effective assistance of counsel on appeal because his appellate counsel failed to request a motion for new trial, give him the clerk's record, and raise multiple grounds in his direct appeal.

## Standard of Review

Where a party has objected to the Magistrate Judge's Memorandum and Recommendation, the Court conducts a *de novo* review. See 28 U.S.C. § 636(b)(1); *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). Petitioner has objected to the recommendation, so the Court will conduct a *de novo* review.

## Exhaustion of Remedies

Respondent argues that Cooper has failed to exhaust all available state court remedies for his claims of ineffective assistance of trial and appellate counsel. Section 2254(b) requires Cooper to exhaust all remedies available in state court before filing a federal habeas petition. *Woodford v. Ngo*, 548 U.S. 81, 92 (2006). Furthermore, if the remedy is unavailable because the petitioner procedurally defaulted his claims, then the prisoner is barred from asserting the claims in a federal habeas proceeding. *Id.* at 93; *Coleman v. Thompson*, 501 U.S. 722, 744-51 (1991).

The Magistrate Judge concludes that Cooper's claims of ineffective assistance of trial and appellate counsel are procedurally defaulted. The Court agrees. Cooper filed his first state writ application challenging his conviction on February 16, 2016, in which he did not assert ineffective assistance claims, and the application was denied on May 25, 2016. Cooper then filed a second writ application challenging the same conviction on June 9, 2016, and the application was denied on July 27, 2016. This subsequent application was denied as an abuse of the state writ by the Texas Court of Criminal Appeals. An abuse of the writ finding creates a procedural bar under *Coleman*. *Fearance v. Scott*, 56 F.3d 633, 642 (5th Cir. 1995); *Powell v. Stephens*, No. 3:13-CV-4805-B BH, 2015 WL 3883362, at *5 (N.D. Tex. June 22, 2015) ("It is well-settled that citation for abuse of the writ by the Court of Criminal Appeals constitutes a procedural default that bars federal habeas review of the merits of a habeas petitioner's claims."). Consequently,

3

Cooper has failed to exhaust all state remedies for his claims of ineffective assistance of trial and appellate counsel, and the claims are procedurally defaulted.

Although a finding of procedural default will ordinarily bar federal habeas review, a petitioner can prevent the bar by showing "cause" for the default and "prejudice attributable thereto," *Murray v. Carrier*, 477 U.S. 478, 485 (1986), or demonstrating that a failure to consider the federal claim will result in a "fundamental miscarriage of justice." *Id.* at 495 (quoting *Engle v. Isaac*, 456 U.S. 107, 135 (1982)). Cooper failed to provide evidence showing "cause" for the default or any "prejudice attributable thereto." He also failed to provide evidence that a failure to hear his ineffective assistance claims will result in a "fundamental miscarriage of justice."

Therefore, the only claim before the Court for consideration on the merits is Petitioner's speedy trial claim.

## AEDPA Standard of Review

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a state prisoner will not be granted relief for a claim adjudicated on the merits in state court unless the adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court. 28 U.S.C. § 2254(d). Section 2254(d) imposes a "highly deferential standard for evaluating state-court rulings." *Woodford v. Visciotti*, 537 U.S. 19, 24, (2002) (quoting *Lindh v. Murphy*, 521 U.S. 320, 334, n. 7 (1997)).

A state court's determination that a claim lacks merit precludes federal habeas relief so long as "fairminded jurists could disagree" on the correctness of that decision. *Harrington v. Richter*,

562 U.S. 86, 101-02 (2011). The prisoner has the burden of showing that the state's ruling on the claim was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement. *Id.* at 103. Review under § 2254 is limited to the record before the state court that adjudicated the claims on the merits. *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

## **Speedy Trial**

The Magistrate Judge recommends denying Cooper's petition because the state courts did not err in deciding the speedy trial claim. The Court agrees.

The Supreme Court applies a four-factor-balancing test to determine whether a prisoner's right to speedy trial has been violated. *Barker v. Wingo*, 407 U.S. 514, 530 (1972). The four factors are: length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant. *Id.*; *Divers v. Cain*, 698 F.3d 211, 217 (5th Cir. 2012). If the delay length is sufficient, the Court determines whether the first three *Barker* factors weigh so heavily in favor of the defendant that prejudice is presumed. *United States v. Reagan*, 725 F.3d 471, 487 (5th Cir. 2013); *United States v. Frye*, 489 F.3d 201, 209 (5th Cir. 2007). If the first three factors do not weigh so heavily as to justify a presumption of prejudice, then the defendant has the burden of establishing actual prejudice and demonstrating that the prejudice outweighs the other three factors. *Frye*, 489 F.3d at 209.

**1.     Length of Delay**

The Magistrate Judge notes that the almost 11-month delay in Cooper's case does not meet the presumptively prejudicial standard set forth by the Fifth Circuit. In *Cowart*, the Fifth Circuit held that a delay of 349 days would not create a presumption of prejudice. *Cowart v. Hargett*, 16 F.3d 642, 647 (5th Cir. 1994).

**2. Reason for Delay**

According to the Fourth Court of Appeals, the State did not provide any reason for the delay and, therefore, the second factor weighs against the state. The Fourth Court, however, found that the record did not establish a deliberate attempt by the State to hamper the defense and thus the delay did not weigh strongly against the State. Furthermore, Cooper did not produce evidence that the State delayed his trial to hurt his defense. This Court agrees with the Magistrate Judge that there is no reason to disagree with this assessment.

**3. Assertion of Right**

The assertion of a speedy trial right is entitled to strong evidentiary weight in determining whether the right is being deprived. *Barker*, 407 U.S. at 532. A defendant's failure to assert this right makes it hard for him to prove he was denied the right to a speedy trial. Although Cooper filed multiple pro se motions, he was being represented by counsel. The Fourth Court acknowledged this, but recognized also that Cooper had no right to hybrid representation, and that he was able to pursue the speedy trial issue in the trial court because his attorney adopted one of the motions just before trial. *Robinson v. State*, 240 S.W.3d 919, 922 (Tex. Crim. App. 2007); s*ee also United States v. Daniels*, 572 F.2d 535, 540 (5th Cir. 1978). The Fourth Court thus found that this factor weighed against Cooper.

Although Cooper did assert his right to a speedy trial, other courts give minimal weight to speedy trial assertions shortly before trial. *United States v. Kalady*, 941 F.2d 1090, 1095 (10th Cir. 1991) (holding that no weight should be given to a speedy trial assertion when trial is known to be imminent); *Martin v. Rose*, 744 F.2d 1245, 1252 (6th Cir. 1984) (holding that speedy trial assertion 5 days before trial weighs against defendant). Consequently, Cooper's speedy trial

assertion on March 27, 2015 should be given little weight. The Court agrees with the Fourth Court of Appeals that this factor weighs against Cooper.

However, Cooper argues his pro se motions asserting his right to speedy trial should weigh in his favor. He argues this Court should ignore both that he had no right to hybrid counsel and that his motions were unreviewable. Assuming Cooper did assert his right to speedy trial "early and often," his actions were inconsistent with his other conduct. A defendant must appropriately assert their speedy-trial rights, as viewed in "light of [their] other conduct." *United States v. Loud Hawk*, 474 U.S. 302, 314 (1986).

Cooper filed his first *pro se* motion for speedy trial in June 2014, just two months after being arrested. However, in December 2014, Cooper filed a motion to dismiss appointed counsel. Cooper was not ready to go to trial with counsel even though he filed motions for speedy trial a week before and a week after the motion to dismiss appointed counsel. Cooper's counsel also filed a motion for discovery and inspection in January 2015. Although Cooper had filed multiple speedy trial motions, his counsel was not adequately prepared for trial when the motions were filed. This weighs against Cooper. Thus, the filing of *pro se* motions does not weigh in favor of Cooper.

### 4. Prejudice to Defendant

The first three factors do not weigh heavily in favor of Cooper. Consequently, Cooper has the burden of proving actual prejudice and that this prejudice outweighs the other three factors. There are three important interests the Supreme Court evaluates to determine whether a defendant has been prejudiced. These interests are: (i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the

possibility that the defense will be impaired. *Barker*, 407 U.S. at 532. Cooper has not met his burden.

Cooper argues he was anxious and concerned. He points to his numerous *pro se* motions as evidence of this concern. Cooper also argues his defense was impaired by the delay because he allegedly lost witness testimony. He argues that witnesses might have forgotten facts as a result of the delay. Cooper's final contention is that alleged evidence was lost as a result of the delay.

However, Cooper has not shown actual prejudice. Anxiety and concern are not enough to establish prejudice and warrant dismissal. *Cowart*, 16 F.3d at 647 (holding that anxiety about personal life and reputation is insufficient to permit reversal). Furthermore, Cooper's assertion about the missing evidence does not show actual prejudice. Cooper does not indicate how his defense was impaired. He argues that a videotape was lost and that witnesses lost their memory as a result of the delay. These blanket statements do not indicate what the content of the lost evidence was and how it hurt his defense. Consequently, these statements are not enough to show actual prejudice. *See United States v. Harris*, 566 F.3d 422, 433 (5th Cir. 2009).

In *Harris*, the Fifth Circuit held that a defendant was unable to show actual prejudice by only arguing witness testimony could have helped the defense if it was not for the delay. *Id.* The defense must indicate what the relevance and content of this missing evidence was. *Id*. Similarly, Cooper does not indicate what was on the videotape or what evidence the witnesses would have provided. Consequently, the possibility that his defense was impaired, without more concrete details to substantiate his claims, is not enough to show actual prejudice. *See United States v. Garza*, No. EP-11-CR-3021-KC, 2012 WL 209055, at *12 (W.D. Tex. Jan. 24, 2012). The

Fourth Court concluded that, given the lack of evidentiary support for his assertions of prejudice, this factor weighed against Cooper, and this Court agrees.

## **Conclusion**

In conclusion, Cooper's ineffective assistance of counsel claims are procedurally defaulted and the only claim before the Court on the merits is the speedy trial claim. Considering all the factors and applying the proper standard of review required by AEDPA, the Court concludes that the state courts' determination that Cooper was not denied his right to a speedy trial is not contrary to and did not involve an unreasonable application of clearly established federal law. Accordingly, the Court ACCEPTS the Magistrate Judge's recommendation and DENIES Cooper's § 2254 habeas application. The Court further ACCEPTS the recommendation that a certificate of appealability be DENIED. Cooper's pending motions (docket nos. 42 & 43) are DENIED. The Clerk shall enter a final judgment in accordance with Rule 58.

It is so ORDERED.

SIGNED this 13th day of June, 2017.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE